UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:13-CV-00272-BR

| | |
|---|---|
| ROBIN CHAMPION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| MERSCORP/MERS, INC, ) | |
| SECURITY ATLANTIC MORTGAGE, CO. ) | |
| INC., ) | |
| TRUSTEE SERVICES OF CAROLINA, LLC, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motion to dismiss of defendants Bank of America, N.A. ("BANA"), MersCorp., Inc. ("MersCorp"), and Mortgage Electronic Registrations Systems, Inc. ("MERS"). (DE # 9.) Plaintiff has filed a response in opposition to the motion, (DE # 24), to which the moving defendants filed a reply, (DE # 27).

In 2007, to finance her home, plaintiff executed a mortgage note with defendant Security Atlantic Mortgage Co. Inc. as the lender. (Compl., DE # 1, ¶¶ 14, 15.) The concomitant deed of trust which plaintiff executed identified the lender; MERS, as nominee for the lender and its successors and assigns; and Karen Reale, as trustee. (Id. ¶ 16.) In October 2011, MERS assigned the mortgage note and deed of trust to BANA. (Id. ¶ 23.) In June 2012, plaintiff began "loss mitigation efforts" with BANA. (Id. ¶ 37.) These efforts apparently continued through November 2012, concluding with BANA's denying plaintiff a loan modification. (See id. ¶¶ 38-64.)

In the meantime, in July 2012, an appointment was filed with the Wake County Register

of Deeds naming defendant Trustee Services of Carolina, LLC as substitute trustee and stating that BANA is the holder of the subject note secured by the deed of trust. (Id. ¶ 26.) In August 2012, BANA caused Trustee Services of Carolina, LLC to file a notice of foreclosure hearing regarding plaintiff's home. (Id. ¶ 48.) The foreclosure hearing was set for 15 April 2013. (Id., Ex. E.)

On 10 April 2013, plaintiff initiated this action asserting claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and North Carolina statutory and common law. In response, the moving defendants filed the instant motion to dismiss. The docket does not reflect that plaintiff has served defendants Security Atlantic Mortgage Co. Inc. and Trustee Services of Carolina, LLC. Accordingly, on 9 December 2013, the Clerk issued notice to plaintiff of her failure to serve these defendants and that failure to respond to the notice would result in the dismissal without prejudice of the non-served defendants. (DE # 28.) Plaintiff has not filed a response to this notice.

The moving defendants seek dismissal of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing plausibility, in addition to accepting all factual allegations in the complaint as true, the court draws all reasonable inferences in favor of the non-movant. Kensington Volunteer Fire Dep't v. Montgomery Cnty., 684 F.3d 462, 467 (4th Cir. 2012).

The court first considers plaintiff's federal claims. Plaintiff contends that BANA

2

violated the FDCPA in multiple respects.[1]  (See Compl., DE # 1, ¶¶ 88-98.)  The movants' primary argument for dismissal of this claim is that plaintiff has failed to sufficiently allege that BANA is a debt collector under the FDCPA.  As one district court has summarized:

> "The [FDCPA] prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices" in communicating with consumers during the debt collection process. *Heintz v. Jenkins*, 514 U.S. 291, 292, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995).  Under the FDCPA, a "debt collector" is defined as:
> > any person who uses any instrumentality or interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.
> 
> 15 U.S.C. § 1692a(6).  However, "creditors, mortgagors,[2] and mortgage servicing companies are not debt collectors" subject to liability under the FDCPA. *Scott v. Wells Fargo Home Mortg.*, 326 F. Supp. 2d 709, 718 (E.D. Va. 2003); *accord Brown v. Wachovia Bank*, NO. 8:10–CV–1816–HMH–JDA 2011 WL 5024297, at *3 (D.S.C. Sept. 30, 2011) (explaining that creditors are not "debt collectors" if they are in the business of lending money and are collecting their own debts).

Carrington v. Indy Mac Mortg. Servs., No. 5:12-cv-01060-JMC, 2013 WL 530050, at *2 (D.S.C. Feb. 8, 2013) (alterations in original); see also Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." (citations omitted)).

---

[1] Plaintiff also asserts this claim against defendant Trustee Services of Carolina, LLC.  (Compl., DE # 1, at 12.)

[2] The court likely meant "mortgagees."  See Black's Law Dictionary 1104 (9th ed. 2009) (defining "mortgagee" as "[o]ne to whom property is mortgaged; the mortgage creditor, or lender").

In this case, although BANA did not originate the subject mortgage, there is no suggestion that at the time of the assignment of the mortgage to it in 2011 that plaintiff was in default. Rather, plaintiff contends that by virtue of a letter BANA sent to her, BANA "admits to being a 'debt collector' as defined by 15 USC § 1692(a)(6) [sic]." (Resp., DE # 24, at 10.) That letter is dated 21 November 2012 and informs plaintiff that she is not eligible for loan assistance because the loan is more than 12 payments behind. (Compl., Ex. G, DE # 1-8.) It contains the following statement: "Bank of America, N.A. is required by law to inform you that this communication is from a debt collector." (Id.) The court declines to find that this statement constitutes a binding admission that BANA is a debt collector under the FDCPA. As another court has noted when faced with a collection letter identifying the defendant mortgage loan holder as a "debt collector,"

> the question is not whether the Defendant is a "debt collector" in the sense that it is trying to collect a debt owed to it by the Plaintiff. Rather, the question is whether the Defendant is a "debt collector" as that term is defined by the FDCPA, thereby making it subject to suit under that statute.

Clay v. Countrywide Home Loans, C/A No. 9:08-1369-MBS, 2009 WL 223727, at *3 (D.S.C. Jan. 28, 2009). "[B]y the Complaint's own terms and allegations, the Defendant is a creditor trying to collect its own debt, and does not therefore fall within the jurisdiction of the [FDCPA] for purposes of this lawsuit." Id. (citing Scott, 326 F. Supp. 2d at 717-18; Davis v. Dillard Nat'l Bank, No. 02-546, 2003 WL 21297331, at *4 (M.D.N.C. June 4, 2003)). Therefore, the court will dismiss plaintiff's FDCPA claim against BANA.

Plaintiff's other federal claim is asserted under RESPA. Plaintiff alleges that defendants collectively violated that act "by causing to be made numerous Assignments and Transfers of the

4

Note and Deed of Trust without having given the proper notice to Plaintiff within the proper time frame," (Compl., DE # 1, ¶ 185), and "by failing to inform Plaintiff of any transfers of the loan servicing of her loan," (id. ¶ 186). "RESPA provides that when the servicer of a loan changes, the borrower is entitled to notice. 12 U.S.C. § 2605(b)(1), (c)(1), 24 C.F.R. § 3500.21(d)(1)(i). Specifically, the transferor must provide notice not less than fifteen days before the effective transfer of the loan, 12 U.S.C. § 2605(b)(2)(A), 24 C.F.R. § 3500.21(d)(2)(i)(A), and the transferee must provide notice not more than 15 days after the date of effective transfer. 12 U.S.C. § 2605(c)(2)(A), 24 C.F.R. § 3500.21(d)(2)(i)(B)." Abels v. Bank of Am., N.A., No. 2:11–cv–2904–JAM–EFB PS, 2013 WL 1163753, at *9 (E.D. Cal. Mar. 20, 2013) (findings and recommendations), adopted, 2013 WL 33338649 (E.D. Cal. June 27, 2013); see also Ward v. Sec. Atl. Mortg. Elec. Registration Sys., Inc., 858 F. Supp. 2d 561, 573 (E.D.N.C. 2012). However,

> alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiff must, at a minimum, also allege that the breach resulted in actual damages. *See* 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be liable to the borrower . . . [for] any actual damages to the borrower as a result of the failure."); 24 C.F.R. § 3500.21(f)(1)(i); *Cuaresma v. Deustche Bank Nat. Co.*, 2011 WL 4727805, at *5 (N.D. Cal. Oct. 7, 2011); *Padilla v. One West Bank*, 2010 WL 5300900, at *6 (N.D. Cal. Dec. 20, 2010) ("The plaintiff must include, at the pleading stage, a demonstration of some actual pecuniary loss."). "Absent factual allegations suggesting that Plaintiffs suffered actual damages, plaintiffs' RESPA claim is insufficiently pled and subject to dismissal." *Amaral v. Wachovia Mortg. Corp.*, 692 F. Supp. 2d 1226, 1232 (E.D. Cal. 2010).

Abels, 2013 WL 1163753, at *9 (some citations omitted) (alterations in original); see also Davis v. Bowens, No. 1:11CV691, 2012 WL 2999766, at *5 (M.D.N.C. July 23, 2012) (memorandum opinion and recommendation) ("Further, the Amended Complaint does not allege actual

damages due to any lack of notice of any change in servicers, but instead offers only a general allegation of harm from all combined actions of all Defendants. RESPA claims require more." (citations omitted)), adopted, 2012 WL 4462184 (M.D.N.C. Sept. 25, 2012).

The court agrees with the movants that plaintiff has failed to allege any damages flowing from the purported failure to be notified of the change in the entity servicing her mortgage. As the movants point out, plaintiff obviously "knew who to communicate with about her request for a loan modification." (Mem., DE # 9-1, at 19.) In her response to the motion to dismiss, plaintiff makes no argument regarding the RESPA claim. Additionally, in contrast to her other claims, plaintiff does not allege that she suffered any damages or harm as a result of the RESPA violations. (Compare Compl., DE # 1, ¶¶ 83, 102, 119, 135, 158, 170, 180, 192, with id. ¶¶ 185-86.) Without any allegation of actual damages due to the violations, plaintiff has failed to state a RESPA claim.

Because plaintiff has failed to state a FDCPA claim against BANA and a RESPA claim against BANA, MERS, or MersCorp, the motion to dismiss is ALLOWED IN PART. The FDCPA claim against BANA and the RESPA claim against BANA, MERS, and MersCorp are DISMISSED WITH PREJUDICE.

Plaintiff's claims against defendants Security Atlantic Mortgage Co. Inc. and Trustee Services of Carolina, LLC are DISMISSED WITHOUT PREJUDICE based on plaintiff's failure to serve those defendants within 120 days of the filing of the complaint. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court– on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant . . . .").

6

Because the court has dismissed the federal claims and diversity jurisdiction does not exist,[3] the court declines to exercise jurisdiction over plaintiff's remaining state law claims against BANA, MERS, and MersCorp. See 28 U.S.C. § 1367(c)(3). Those claims are DISMISSED WITHOUT PREJUDICE. The Clerk is DIRECTED to close this case.

This 2 January 2014.

　　　　　　　　　　　　　　　　　　　W. Earl Britt
　　　　　　　　　　　　　　　　　　　Senior U.S. District Judge

---

[3] Although MERS and MersCorp are allegedly citizens of states other than North Carolina, BANA is not. (Compl., DE # 1, ¶¶ 2-4.) See also Wells Fargo Bank v. Levin Prof'l Servs.,Inc., 189 F. App'x 239, 239 n.1 (4th Cir. 2006) ("[A] national bank is a citizen of the state in which its main office, as designated in the articles of association, is located." (citing Wachovia Bank v. Schmidt, 546 U.S. 303 (2006)); McCrief v. Wachovia Bank, No. 2:12-CV-72-MBS-BHH, 2012 WL 3023174, at *1 (D.S.C. June 5, 2012) (report and recommendation) ("Bank of America's 'main office, as set out in its articles of association, [is] in North Carolina.'" (citations omitted) (alteration in original)), adopted, 2012 WL 3023130 (D.S.C. July 24, 2012).